**FRIEDMAN v. STARKMAN et al.**

Civ. No. 299.

District Court, E. D. New York.

April 2, 1940.

Lind, Shlivek, Marks & Brin, of New York City (Norman L. Marks, of New York City, of counsel), for plaintiff.

Irving L. Weishar, of Brooklyn, N. Y., for defendant.

CAMPBELL, District Judge.

This is an action brought by a Trustee in Bankruptcy to set aside the transfer of the entire business of Starkman's Ladies' Ready To Wear, Inc., alleged to have been made by the bankrupt, the defendant Samuel Starkman, to his son the defendant Joseph Starkman, also known as Joseph George Starkman about the month of November 1936, for the purpose of defrauding his creditors.

From 1914 to 1928 the bankrupt, the defendant Samuel Starkman, conducted a retail store at which ladies' coats and suits and dresses were sold, and ladies' coats and suits were manufactured, at premises No. 126 Manhattan Ave., in the Borough of Brooklyn, City of New York.

In 1928 an involuntary proceeding in bankruptcy was instituted against the defendant Samuel Starkman, who was adjudicated a bankrupt and the business cleared out in the bankruptcy.

Clearly none of the stock in trade of the bankrupt passed from him to the defendant Joseph Starkman.

The defendant Joseph Starkman testified, and such testimony was uncontradicted, that thereafter he set up the business anew. It was a small business and a large sum was not required to set it up anew. He secured the financial assistance of members of the family, incorporated the business, and to secure them, gave them stock in the said corporation.

It is true, of course, that there are contradictions in the testimony, but none of those contradictions show that the business was handed to the defendant Joseph Starkman by his father, the bankrupt, the defendant Samuel Starkman, nor does the evidence in any sense contradict the testimony of the defendant Joseph Starkman, that he set up the business anew.

The criticism of the defendant Joseph Starkman because of his youthfulness finds no responsive criticism on my part, on the contrary, the youthfulness of the defendant Joseph Starkman impresses me with his ability, as the ability he displayed and the energy he must have put into it, to carry, as he did, the whole family, Mother, Father, Sister and Brother, shows that youthfulness was no bar.

I do not believe that the defendant Joseph Starkman had much money when he set up the business anew, but what was needed he obtained from relatives, and thereafter he put into the business every dollar that he could.

By pursuing a policy the reverse of that which his father had pursued, the said defendant Joseph Starkman paid all of the debts of the corporation and paid all of the stockholders, and dissolved the corporation and took over the business individually.

It is this action which plaintiff contends is the transfer of which complaint is made herein.

The burden of proving his case by a fair preponderance of the evidence rests upon the plaintiff, and it seems to me that he has failed to successfully bear that burden.

Not only is there no evidence that the bankrupt, the defendant Samuel Starkman, had any interest in the business in Novem-

ber 1936, when plaintiff contends the transfer of which complaint is made herein was made, but all of the evidence shows plainly that the defendant Joseph Starkman was the owner.

The defendant Joseph Starkman had a personal checking account for the receipts and expenses of the business in his own name, at the Manufacturers Trust Company.

The defendant Joseph Starkman operated the business from 1929, a period of over seven years before the judgment was recovered by Leah Timoner and Isidore Timoner as Executors of the Estate of Abraham Timoner against the defendant Samuel Starkman on the 30th day of April, 1937.

The fire insurance policies on the stock and fixtures were issued in the name of Joseph Starkman. The statements annually issued to Dunn and Bradstreets show the business was owned by Joseph Starkman; and Joseph Starkman signed as owner the contracts with the Union representing the employees of the dress store.

Joseph Starkman not only has put into the business so much of his money as he found possible, but also all of the time that he could in conducting the store, and depends upon its income with other sums that he earns for the support of himself and family.

From the 18th day of November, 1930, Joseph Starkman was the majority stockholder of the corporation known as Starkman's Ladies' Ready To Wear, Inc., and when he became able to pay all debts and the stockholders, for whose security this corporation was formed and the stock delivered to them, he took over the business and has since conducted, and is now conducting it, as an individual.

The evidence does not show any control by the bankrupt, Samuel Starkman, of the business since it was set up anew by the defendant Joseph Starkman in 1929.

As to the real estate, where such business is conducted, there is not a word of testimony in contradiction of the testimony of the defendant Joseph Starkman, that he bought it at a foreclosure sale, and has a deed from the referee in the foreclosure action issued in the individual name of the defendant Joseph Starkman, who also had issued to him a policy of Title Insurance of said premises by the Title Guarantee and Trust Company.

We must not lose sight of the fact that the stock and fixtures in the store were destroyed by fire in 1935 and not being covered by fire insurance, the defendant Joseph Starkman, at his expense, replaced them.

This case was tried before me, not only on the little evidence offered on the trial, but also as stipulated on the testimony in supplementary proceedings in a case in the State Court, and testimony taken on a contempt proceeding in such case before an Official Referee which placed upon me the burden of reading all of that testimony which I have done.

The plaintiff has failed to show any transfer from the bankrupt, the defendant Samuel Starkman, to the defendant Joseph Starkman, of the entire business of Starkman's Ladies' Ready To Wear, Inc., for the purpose of defrauding the said bankrupt's creditors, either during about the month of November, 1936, or at any other time, and the defendants are entitled to a decree against the plaintiff, dismissing the complaint on the merits, but without costs.

Settle decree on notice.

Submit proposed findings of fact and conclusions of law in accordance with this opinion, for the assistance of the Court, as provided by the Federal Rules of Civil Procedure, and the Civil Rules of this Court.